UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Kunta L. Brown, Sr.,                          Civ. No. 20-2262 (MJD/BRT)

            Petitioner,

v.                                              **ORDER AND**
                                               **REPORT AND RECOMMENDATION**

J. Fikes, *Warden FCI Sandstone*,

            Respondent.

---

Petitioner Kunta L. Brown, Sr., filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on October 30, 2020, challenging the application of earned time credits under the First Step Act. (Doc. No. 1.) The Government submitted a response on January 5, 2021, arguing, *inter alia*, that Brown failed to exhaust his administrative remedies. (Doc. No. 11.) On January 29, 2021, Brown moved to withdraw his Petition to pursue administrative remedies with leave to re-file. (Doc. No. 15.) Brown's request was granted; the Court dismissed the Petition without prejudice. (Doc. No. 16.)

On April 13, 2021, Brown filed a "Petition for the Preliminary Injunction of a Temporary Restraining Order under U.S.C. 2241 of 28 U.S.C. 2241." (Doc. No. 18.) The filing was captioned as "Brown v. United States" and referenced two case numbers: 20-cv-2262 (MJD/BRT) and 4:16-cr-00006-001. (*Id.* at 1.) Through his filing, Brown seeks a temporary restraining order ("TRO") on the grounds that he is "in custody in violation of constitutional rights, or laws or treaties of the United States" because confinement at FCI-

Sandstone is a deadly threat to his life and health due to COVID-19. (*Id.*) Brown expressly disclaims that his filing is a compassionate release request. (*Id.* at 6.)

Because Brown indicated he is seeking Section 2241 habeas relief, is not seeking a compassionate release, and included the present case number on his filing, the Court interpreted Brown's filing as a renewed Section 2241 habeas petition and set a briefing schedule for Respondent to answer or otherwise respond in 30 days. (Doc. No. 21.) Brown does not agree with the Court's construal of his filing, however. (Doc. Nos. 22, 23.) Brown states he has no desire to reopen or relitigate Case No. 20-cv-2262, but rather wishes to assert new claims. (Doc. No. 22 at 1–2; Doc. No. 23 at 1–2.)

Brown's new filing (Doc. No. 18) is purportedly brought pursuant to 28 U.S.C. § 2241. Brown argues that COVID-19 has created an "unconstitutional condition" at the prison. (Doc. No. 18 at 2.) Such a claim relates to the conditions of Brown's confinement, not the legality or execution of his sentence as contemplated by Section 2241. "If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). "Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ." *Id.* Such is the case here.

Moreover, Brown also asserts that staff inaction constitutes a "deliberate indifference to [his] health and safety" where staff know Brown has a health condition. (*Id.* at 3.) These COVID-19-related claims are straightforward constitutional conditions-

of-confinement and Eighth Amendment claims. Such claims cannot be considered in a Section 2241 petition and, when brought via Section 2241, deprive the court of jurisdiction. *Spencer v. Haynes*, 774 F.3d 467, 470 (8th Cir. 2014); *Kruger*, 77 F.3d at 1073; *Allie v. Hendrix*, 2020 WL 7586556, at *2 (E.D. Ark. Nov. 10, 2020) (finding the court lacked jurisdiction under Section 2241 to consider petitioner's claim that prison officials mishandled COVID-19 creating unconstitutional conditions of confinement).

It is axiomatic that courts construe pro se filings liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Spencer*, 774 F.3d at 471. In describing why his claim should succeed and why his requested relief should be granted, Brown provides ample reasons why he would be safer at home. (Doc. No. 18 at 5). This mirrors a standard compassionate release request pursuant to the First Step Act and CARES Act. But Brown expressly disclaims that his filing is a compassionate release request. (*Id.* at 6.) By disclaiming the claims this Court would likely interpret his filing as asserting, rejecting the Court's interpretation of his filing as a petition to re-open, and indicating he wishes to proceed under a fresh Section 2241 petition, Brown has rendered his present filing unsalvageable. *Spencer*, 774 F.3d at 471 (stating district courts should obtain consent of pro se filer before converting their claims from habeas to a *Bivens* action). Thus, all that remains is a purported habeas petition that raises no habeas claim. *Kruger*, 77 F.3d at 1073. Therefore, Brown's new filing must be denied.

**ORDER**

Based on Brown's clear and express representations, the Court's April 22, 2021 Order setting Respondent's briefing deadline (Doc. No. 21) is **VACATED**.

**REPORT AND RECOMMENDATION**

Because (1) Brown does not wish to re-open this present case and (2) the Court lacks jurisdiction over Brown's ineffective Section 2241 habeas petition, this Court **RECOMMENDS** that: Brown's Petition for the Preliminary Injunction of a Temporary Restraining Order under U.S.C. 2241 of 28 U.S.C. 2241 (**Doc. No. 18**) be **DENIED WITHOUT PREJUDICE**; this case remain closed; and any other pending motions be **DENIED** as moot.

Date: May 7, 2021                           *s/ Becky R. Thorson*
                                            BECKY R. THORSON
                                            United States Magistrate Judge

**NOTICE**

**Filing Objections**: This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within **14 days** after being served a copy" of the Report and Recommendation. A party may respond to those objections within **14 days** after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).